IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILIP NARDUCCI,  CV 04-1112-MA

        Petitioner,  OPINION AND ORDER

   v.

CHARLES DANIELS, WARDEN,

        Respondent.

   PHILIP NARDUCCI
   Reg. No. 37265-066
   F.C.I. Sheridan
   Sheridan, Oregon  97278

      Petitioner, *Pro Se*

   KARIN J. IMMERGUT
   United States Attorney
   CRAIG J. CASEY
   Assistant United States Attorney
   1000 SW Third Avenue, Suite 600
   Portland, OR  97204-2902

      Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner seeks the dismissal of all sanctions stemming from a prison disciplinary action, and expungement of the disciplinary report.

For the reasons set forth below, petitioner's habeas corpus petition (#1) is denied.

## BACKGROUND

On January 30, 2004, while conducting a routine telephone surveillance, Special Investigative Services Technician Martin (SIS Tech) intercepted the following telephone conversation between petitioner and a women in the Philadelphia, Pennsylvania area:

> Petitioner: Did you take care of that?
> 
> Woman: Yes, I did.
> 
> Petitioner: I ain't heard back yet...I ain't heard back yet.
> 
> Woman: You should be. Yours should be there, too.

The SIS Tech then discovered that petitioner had previously placed two other unauthorized telephone calls to the same telephone number. On January 21, 2004, petitioner spoke to the woman, stating:

> Diego Fernandez #51234-005. When you talk to Stan, he'll try around 2 o'clock for him.

And on January 26, 2004, petitioner stated:

2 - OPINION AND ORDER

>     Joseph Haro, #34921-048.  The heaviest girl has to be like
>     120 pounds.

Based on his expertise and training, the SIS Tech determined that petitioner was instructing the women to send $200.00 to Inmate Fernandez, and $120 to Inmate Haro.

On January 30, 2004, three money orders originating from the same post office in Philadelphia, purchased the same day, from the same clerk, arrived at FCI-Sheridan.  One was for petitioner in the amount of $500.  The other two were for Inmate Fernandez, for $200, and Inmate Haro for $120.  The name "Philly," which is petitioner's nickname, appeared on the money orders addressed to Inmates Fernandez and Haro.  Of the three men, petitioner was the only one whose visitor list included residents of Philadelphia.  Petitioner's approved telephone list also included several telephone numbers from the Philadelphia area.

The SIS Tech reported petitioner's unauthorized phone calls to the Unit Disciplinary Committee (the UDC), and provided petitioner written notice of the following charges on January 30, 2004: (1) giving or receiving anything of value to another inmate without staff authorization, and (2) use of the telephone for abuses other than criminal activity.[1]

---

[1] These offenses violated disciplinary codes 328 and 297, respectively.

On February 3, 2004, the UDC held a hearing on the matter, and referred it to a Discipline Hearing Officer (the DHO) for further investigation. On that date petitioner was also advised of his due process rights. He was told that he was entitled to the assistance of a staff representative at the DHO hearing, which petitioner declined. He was also told he could call witnesses and present evidence in his defense.

Petitioner avers that he made two requests for evidence before the DHO hearing. The first on February 2, 2004, and the second on February 8, 2004. According to petitioner, neither request was granted.

On February 9, 2004, the DHO conducted a disciplinary hearing. Petitioner called two witnesses, Inmates Fernandez and Haro, who both denied petitioner had sent them money orders. The only evidence petitioner presented to the UDC was another request for a list of documents relating to the incident. Petitioner made the following statement at the hearing:

> No, I am not guilty. I did not instruct her to send any money to inmates. I was talking about calling my attorney, Stan, at 2:00 p.m. In the other call, I was talking about finding a girl for another inmate to meet. He wanted a petite girl, under 120 pounds. I tried to get the UDC to take a document requesting evidence I wanted to review. The UDC would not take it. The UDC said they were referring it to you. This is all a kangaroo court.

The DHO found petitioner guilty of the charged offenses. In his written decision the DHO indicated that he relied on the

4 - OPINION AND ORDER

incident report, the Inmate Telephone Call Monitoring Report
detailing the calls made by petitioner on the dates in question,
copies of the money orders addressed to petitioner and Inmates
Fernandez and Haro, and the statements made by these inmates.
Respondent's Exhibit 4, Attachment B.  The DHO imposed the
following sanctions upon petitioner: forfeiture of 30 days of
Statutory Good Time; loss of telephone privileges for six months;
loss of telephone privileges for an additional six months
(suspended pending 180 days clear conduct); loss of commissary
privileges for 90 days; and a total of 24 days of disciplinary
segregation (suspended pending 180 days clear conduct).

On April 8, 2004, in response to petitioner's "Request for
Administrative Remedy," Western Regional Director Gubja (the
Regional Director) ordered the SIS Tech to re-write the incident
report.  On April 20, 2004, petitioner was provided a copy of the
re-written incident report.  A new hearing was held before the
DHO on April 29, 2004, after which the DHO reached the same
conclusion as before.

On July 13, 2004, following petitioner's second
administrative appeal, the Regional Director ordered a second re-
hearing of petitioner's case.  According to the Declaration of
the DHO, petitioner was again provided with copies of the
evidence against him, but continued to allege that his requests

5 - OPINION AND ORDER

for evidence were not honored.  After the second re-hearing held August 12, 2004, the DHO again found petitioner guilty of the charged offenses.

In the instant proceeding, petitioner alleges two grounds for relief.  First, he contends his administrative due process rights were violated when respondent refused to honor petitioner's request for evidence.  Second, petitioner argues the Regional Director acted beyond the scope of his authority when he ordered the SIS Tech to rewrite the incident report before the DHO conducted a rehearing.

Respondent contends petitioner was repeatedly provided with the evidence used by the DHO to reach his decision, and the DHO's decision should be affirmed because it was supported by at least some evidence.

For the reasons that follow, this petition for habeas corpus relief is DENIED.

## DISCUSSION

A prison inmate must be afforded procedural protections before he can be deprived of a protected liberty interest in good-time credits.  Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).  However, because "[p]rison disciplinary proceeding are not part of a criminal prosecution...the full panoply of rights due a defendant in such proceedings does not apply."  Id. at 556;

Cf. Morrissey v. Brewer, 408 U.S. 471 (1972). A prisoner is entitled to the following procedural protections in a prison disciplinary proceeding: (1) written notice of the charged misconduct at least 24 hours before the hearing; (2) an impartial hearing body; (3) an opportunity to present witnesses and documentary evidence; and (4) a written statement by the fact-finders of the evidence relied upon and the reasons for the sanction. 418 U.S. at 563-77. Prisoners are not entitled to cross-examine or confront the witnesses against them, nor are they entitled to the assistance of counsel in these proceedings. Id. 568-69. However, assistance of a non-lawyer prison staff member is permitted if the inmate is illiterate or the disciplinary issue is complex. Id. at 570.

Findings that result in the loss of liberty satisfy due process if "some evidence" supports the decision of the disciplinary board. Superintendent v. Hill, 472 U.S. 445, 454-55 (1985); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989). This standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 455. Rather, the relevant inquiry is "whether there was any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

In the instant proceeding petitioner contends respondent refused to provide petitioner with evidence he requested, and thereby denied him the right to present documentary evidence in his defense. Petitioner does not allege an absence of "some evidence" to support the disciplinary board's decision. He simply argues that this standard does not apply if the prisoner was denied procedural protections at the hearing. Petitioner's argument is not supported by the law of this circuit. However, I do not reach its merits as I find petitioner was ultimately afforded all the process he was due.

According to Petitioner's "Attachment B," he requested the following items from the UDC Officer before his hearing on February 9, 2004:

> (1) a certified copy of the transcripts of the telephone conversations at issue, or the actual tape recording of those conversations;
>
> (2) copies of the money orders and the envelopes in which they arrived;
>
> (3) FCI polices "explaining how to determine when code is being used on the telephone";
>
> (4) the qualifications of the SIS Tech to decipher code language;
>
> (5) FCI criteria for determining SIS Tech qualifications;
>
> (6) all notes, memoranda, directives, or interagency reports "pertaining to money orders being sent or received at this institution prior to there [sic] delivery";
>
> (7) any "physical evidence linking me to either the money

orders or the people who actually sent them;

(8) a complete and correct copy of all witness statements; and

(9) the financial statements of the inmates who were allegedly sent money orders by petitioner.

In his first "Request for Administrative Remedy" (Petitioner's Attachment I), petitioner states that he was told his document request was not honored because he was "not entitled to the evidentiary information because [he] did not utilize a staff representative during the UDC and DHO hearings."[2] However, this contention is refuted by the DHO's response to petitioner's document request, dated February 25, 2004. Petitioner's Attachment F. With respect to petitioner's request for a certified copy of the transcript of the telephone conversation, the DHO wrote, "All documents used by the DHO are in your Central File. Any requests for documents must be made to your Unit Team." Regarding petitioner's requests for FCI policies on decoding prison language and the SIS Tech's qualifications for doing so, the DHO indicated that he did not have such information, and did not rely on it to decide petitioner's case. He suggested petitioner request this information from the SIS Tech directly. The DHO referred petitioner to his Central File

---

[2] Petitioner declined the assistance of a staff representative for his February 9, 2004, hearing.

for any witness statements and inmate financial statements, and indicated he had no information regarding petitioner's other requests.

Petitioner does not indicate whether he followed the DHO's suggestions for obtaining requested documents, however he provides a copy of his appeal to the Warden, wherein he reiterated his request. On March 31, 2004, Prison Warden, Charles A. Daniels (the Warden), responded to petitioner's "Request for Administrative Remedy" from March 13, 2004. The Warden wrote:

> The information the DHO relied upon for his finding is specifically identified in his report dated February 17, 2004. This information includes Telephone Call Monitoring Reports (January 21, 2004, 6:47 a.m.; January 26, 2004, 6:03 a.m.; and January 30, 2004, 7:00 a.m.), U.S. Postal Service Money Orders (numbers 06065389080, 06065389078, and 06065389067), witness statements and no other confidential information. Copies of these documents and the DHO report which includes witness statements were provided in the DHO's report, and are attached for your review.

Petitioner's Attachment J.

On April 8, 2004, the Regional Director granted petitioner's appeal, and remanded the case for a rehearing. Petitioner's Attachment K. However, petitioner was still not satisfied. On April 18, 2004, he appealed to the Regional Director for evidence allegedly withheld, writing:

> I requested Warden Daniels provide me with specific information disclosing what, if any specialized BOP or other recognized instruction or training FCI-Sheridan SIS officer

> G. Martin has received which qualifies Martin to make an
> official determination that code or coded messages have been
> utilized in a telephone conversation over the ITS
> institution telephone system...

Petitioner's Attachment L. This statement indicates petitioner, in fact, did not follow the DHO's suggestion to request this information directly from his Unit Team, and the SIS Tech.

Without specifying, respondent avers petitioner demanded documents that do not exist, or to which he is not entitled. According to respondent, petitioner was only entitled to the evidence relied upon by the DHO in reaching his determination, which he was given. Thus, documentation of the SIS Tech's qualifications was evidence petitioner was not entitled to.[3]

In addition to refusing the assistance of a staff representative at all three hearings, and refusing to follow the proper protocol for document requests, petitioner also refused to accept respondent's attempt to remedy perceived procedural violations. Petitioner's Attachment O. Petitioner protested the rehearing on April 29, 2004, by presenting the DHO with a written statement challenging the Regional Director's authority to re-write the incident report. In his petition to this court, petitioner reasserts this argument, claiming the Regional

---

[3] Notably, inmates do not have the right to confront or cross-examine the witnesses against them in disciplinary proceedings. Wolf, 418 U.S. at 568-69.

11 - OPINION AND ORDER

Director acted *ultra vires* when he ordered the incident report re-written because 28 C.F.R. § 541.19 does not imbue him with authority to do this.

Section 541.19 specifies that an inmate's initial appeal of a decision of the DHO is to be filed with the appropriate Regional Office. Further, it states:

> On appeals [sic], the appropriate reviewing official (the Warden, Regional Director, or General Counsel) may approve, modify, reverse, or send back with directions, including ordering a rehearing, any disciplinary action of the Unit Discipline Committee or Discipline Hearing Officer but may not increase any valid sanction imposed.

I find a re-write of an incident report reasonably falls within the ambit of the Regional Director's authority and discretion to "send back with directions" any disciplinary action. The re-written report (Petitioner's Attachment M) contains the specific quoted statements petitioner made in the prohibited telephone calls, accompanied by the SIS Tech's decoded interpretation of these statements, whereas the original incident report (Petitioner's Attachment A) contained only the SIS Tech's interpretation.

Arguably, petitioner was at a procedural advantage at the rehearing, having in his possession all the evidence relied upon by the DHO during the first hearing, along with the DHO's reasoned explanation indicating what evidence he found persuasive the first time. Yet, he did not call any witnesses, or even

12 - OPINION AND ORDER

attempt to raise a defense.

Even if petitioner was initially denied fair notice of the charges against him before his initial disciplinary hearing on February 9, 2004, this violation was remedied by the administrative appeals process, and he was eventually afforded all the procedural protections available to an inmate in a prison disciplinary hearing.

I find the facts involved in this disciplinary action cannot be attributed to mere coincidence. Following petitioner's unauthorized telephone calls to the Philadelphia area, in which he recited the names and identification numbers of two inmates, money orders arrived from a Philadelphia post office, addressed to those inmates with the petitioner's nickname inscribed on them. Whether the SIS Tech was correct that petitioner's references to "2 o'clock" and "120 pounds" was code for $200 and $120, respectively, is not essential to the determination that the disciplinary board's decision was undoubtably supported by "some evidence."

Thus, I find that petitioner has not carried his burden of proving a right to habeas corpus relief under 28 U.S.C. § 2241. Accordingly, this petition for habeas corpus relief is denied.

/ / / / /

/ / / / /

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#1) is denied.

IT IS SO ORDERED.

DATED this _17 day of June, 2005.

                                      /s/ Malcolm F. Marsh
                                      Malcolm F. Marsh
                                      United States District Court Judge